IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DISNEY ENTERPRISES, INC., | : |
| | : |
| *Plaintiff*, | : |
| | : C.A. No. 25-996-MN |
| v. | : |
| | : |
| INTERDIGITAL, INC., et al., | : |
| | : |
| *Defendants*. | : |

ACT | THE APP ASSOCIATION'S
MOTION FOR LEAVE TO SUBMIT *AMICUS CURIAE* BRIEF

ACT | The App Association ("ACT") respectfully moves for leave to submit the attached *amicus curiae* brief related to the Defendants' (collectively, "InterDigital") pending motion to dismiss (D.I. 23).

ACT is a not-for-profit policy trade association for the small business technology developer community. Its members are entrepreneurs, innovators, and independent developers within the app ecosystem that engage with verticals across every industry. The value of the ecosystem the ACT represents—which it calls the app economy—is approximately $1.8 trillion and is responsible for 6.1 million American jobs, while serving as a key driver of the $8 trillion internet of things (IoT) revolution. ACT's members lead in developing innovative applications and products across consumer and enterprise use cases, driving the adoption of IoT.

Small businesses, including those the ACT represents, are particularly dependent on the widespread availability of certain standards on reasonable terms. These entrepreneurs, innovators, and developers can incorporate standardized features into their products by purchasing off-the-shelf modules without the need to design these components themselves or develop internal expertise in these technologies. Instead, they can dedicate their research and

development resources to developing the unique features that set their products apart and bring them to market more swiftly.

The Plaintiff in this case, Disney Enterprises, Inc. ("Disney"), alleges that InterDigital is using its standard-essential patents to violate the antitrust laws. ACT moves for leave to file the attached brief in support of Disney's opposition to InterDigital's Motion to Dismiss or Stay this litigation (D.1.23).

The attached *amicus curiae* brief explains that small businesses depend on fair and predictable standard essential patent (SEP) ecosystems; SEP holders systematically evade FRAND commitments through coercive tactics and information asymmetry; and SEP holders that obtain supra-FRAND royalties are anticompetitively abusing their market power. The brief further shows why robust judicial review is essential to enforce the FRAND bargain and prevent SEP holders from exploiting their market power, particularly against small businesses that lack the resources to challenge excessive royalty demands through litigation.

There is no rule in this District governing the appearance of *amicus curiae*, so courts have been guided by the Third Circuit's application of Federal Rule of Appellate Procedure 29. *See In re Weinstein Co. Holdings, LLC*, C.A. Nos. 19-242-MN and 19-243-MN, 2020 WL 1320821, at *1 n.3 (D. Del. Mar. 20, 2020). "The Third Circuit has advised that motions for leave to file such briefs should be granted 'unless it is obvious that the proposed briefs do not meet Federal Rule of Civil Procedure 29's criteria as broadly interpreted.'" *Id*. (quoting *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 133 (3d Cir. 2002)). "Courts will exercise their discretion to allow an *amicus curiae* brief to be filed if [Rule 29] is satisfied by demonstrating, under the most lenient standard, that (1) the movant has an adequate interest in the [case]; (2) the information supplied is desirable; and (3) the information being provided is relevant." *Id*. The attached *amicus curiae*

brief clearly meets this standard and should be accepted because: (1) ACT has a clear interest in the case because its member rely on reasonable terms to operate their businesses; (2) the information will assist the Court in deciding InterDigital's motion to dismiss; and (3) the information is relevant to InterDigital's motion to dismiss.

In the Third Circuit, "it is preferable to err on the side of granting leave," including because the Court can "simply disregard the *amicus brief*." *Neonatology Assocs.*, 293 F.3d at 133. Accordingly, the ACT respectfully requests that the Court grant it leave to file in this action the attached amicus curiae brief.

DATED: November 21, 2025

| | |
|---|---|
| OF COUNSEL<br><br>Brian Scarpelli<br>ACT \| THE APP ASSOCIATION<br>1401 K St., NW<br>Suite 501<br>Washington, DC 20005<br>(517) 507-1446<br>bscarpelli@actonline.org | YOUNG CONAWAY STARGATT & TAYLOR, LLP<br><br>/s/ *Adam W. Poff*<br>Anne Shea Gaza (No. 4093)<br>Adam W. Poff (No. 3990)<br>Rodney Square<br>1000 North King Street<br>Wilmington, Delaware 19801<br>(302) 571-6600<br>agaza@ycst.com<br>apoff@ycst.com<br><br>*Attorneys for The App Association* |