# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| Disney Enterprises, Inc., <br><br> *Plaintiff*, <br><br> v. <br><br> InterDigital Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, InterDigital CE Patent Holdings, SAS, VID SCALE, Inc., VID SCALE Patents, LLC, Thomson Licensing SAS, and Technicolor SA <br><br> *Defendants*. | **REDACTED - PUBLIC VERSION** <br><br> C.A. No. 1:25-cv-00996-MN <br><br>  |

## DISNEY ENTERPRISES, INC.'S BRIEF IN SUPPORT OF ITS OPPOSED MOTION FOR JURISDICTIONAL DISCOVERY

Of Counsel:

O'MELVENY & MYERS LLP
Shawnna Yashar
Brian P. Quinn
1625 Eye Street, N.W.
Washington, DC 20006
(202) 383-5300

O'MELVENY & MYERS LLP
Michael F. Tubach
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
(415) 984-8700

November 21, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Rodger D. Smith II (#3778)
Cameron P. Clark (#6647)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
cclark@morrisnichols.com

*Attorneys for Plaintiff*
*Disney Enterprises, Inc.*

**CONFIDENTIAL VERSION FILED - 11/21/25**
**REDACTED VERSION FILED - 12/1/25**

## TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF PROCEEDINGS ............................................................................1

SUMMARY OF ARGUMENT ........................................................................................................1

STATEMENT OF FACTS ..............................................................................................................2

LEGAL STANDARD ......................................................................................................................4

ARGUMENT ....................................................................................................................................4

CONCLUSION .................................................................................................................................8

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Belden Techs., Inc. v. LS Corp.*,
  626 F. Supp. 2d 448 (D. Del. 2009) ............................................................................... 6

*Dan Dee Int'l, LLC v. Glob. New Ventures Grp. LC*,
  2024 WL 3043430 (D. Del. 2024) .................................................................................. 6

*Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*,
  107 F.3d 1026 (3d Cir. 1997) ..................................................................................... 4, 7

*MIG Invs. LLC v. Aetrex Worldwide*, Inc.,
  852 F. Supp. 2d 493 (D. Del. 2012) ............................................................................... 5

*Nespresso USA, Inc. v. Ethical Coffee Co. SA*,
  263 F. Supp. 3d 498 (D. Del. 2017) ............................................................................... 7

*Registered Agents, Ltd. v. Registered Agent, Inc.*,
  880 F. Supp. 2d 541 (D. Del. 2012) ........................................................................... 4, 7

*Robert Bosch LLC v. Alberee Prods., Inc.*,
  70 F. Supp. 3d 665 (D. Del. 2014) ................................................................................. 6

*Toys "R" Us, Inc. v. Step Two, S.A.*,
  318 F.3d 446 (3d Cir. 2003) .............................................................................. 1, 2, 4

## NATURE AND STAGE OF PROCEEDINGS

Plaintiff Disney Enterprises, Inc. ("Disney") filed this action against Defendants InterDigital, Inc.; InterDigital VC Holdings, Inc.; InterDigital Madison Patent Holdings, SAS; InterDigital CE Patent Holdings, SAS; VID SCALE, Inc.; VID SCALE Patents, LLC (collectively, "InterDigital"), Thomson Licensing SAS and Technicolor SA (together, "Thomson," and collectively, "Defendants"), asserting claims under Sections 4 and 16 of the Clayton Act and for declaratory relief. D.I. 1 ("Comp."). On September 30, 2025, InterDigital moved to dismiss or stay the claims. D.I. 24. On October 31, 2025, Thomson moved to dismiss the claims, including on the basis that this Court lacks personal jurisdiction over Thomson. D.I. 31.

In concurrent filings, Disney opposes both motions and now seeks the Court's leave to conduct jurisdictional discovery as to Thomson. Disney has presented sufficient evidence to support the Court's exercise of specific personal jurisdiction over Thomson. Nevertheless, should the Court find the current record insufficient to establish jurisdiction, Disney respectfully requests leave to conduct limited jurisdictional discovery of the extent of Thomson's contacts with Delaware and the United States.

## SUMMARY OF ARGUMENT

In the Third Circuit, courts allow jurisdictional discovery so long as a plaintiff's claim is not "clearly frivolous." *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003).[1] Disney's jurisdictional claims easily clear this low hurdle. In the Complaint and its opposition to Thomson's motion to dismiss, Disney sets forth three independent bases for personal

---

[1] Unless noted, all emphasis is added and all internal quotation marks, alterations, and citations are omitted.

jurisdiction: (1) under Delaware's long-arm statute; (2) under the conspiracy theory of jurisdiction; and (3) under Section 12 of the Clayton Act. At a minimum, these allegations suggest "with reasonable particularity the possible existence of the requisite contacts between" Thomson and either Delaware or the United States. *Id.* Should this Court have any doubt, Disney requests to take limited discovery to provide the "something more" needed to assure the Court it can exercise jurisdiction over Thomson in this matter. *See id.*

## STATEMENT OF FACTS

Prior to 2018, Thomson owned and licensed a substantial global portfolio of patents related to various video-streaming technologies. Comp. ¶ 51. Recognizing the massive licensing (and revenue) opportunities that would befall Thomson if its patents were declared essential to the video encoding industry, Thomson (1) made repeated submissions to the International Telecommunications Union ("ITU") that its patents were essential,[2] and (2) repeatedly assured the ITU that it would license those patents on "reasonable and nondiscriminatory" ("RAND") terms. *Id.* ¶¶ 33, 53, 54. The ITU, in reliance on Thomson's promises, decided to incorporate Thomson's patents into the H.264 and H.265 video-encoding standards (the "Compression Standards"). *Id.* ¶ 54.

Fast forward to 2018. After losing over 300 million euros in two years, Thomson embarked on a patent-transfer scheme to circumvent its RAND requirements and hold up implementers of those patents. *Id.* ¶ 55. Thomson found a willing co-conspirator in a U.S. corporation, InterDigital. *Id.* InterDigital is both incorporated in and has its principal place of business in Delaware. *Id.* ¶ 16.

---

[2] The ITU is a United Nations specialized agency for digital technologies that helps guide the development and commercial adoption of video-codec standards.

In July 2018, Thomson and InterDigital signed a series of agreements. One agreement was a Video Coding Patent Assignment and License Agreement. D.I. 33, Declaration of Alexandra I. Russell, Ex. A ("Video Coding Agreement"). Pursuant to that agreement, InterDigital bought Thomson's patent licensing business for $150 million in cash plus an ongoing dividend—a 42.5% entitlement to all future cash receipts (no end date) from InterDigital's worldwide operation of the patent-privateering scheme. Comp. ¶¶ 56-57; D.I. 31 at 3. At the same time, Thomson and InterDigital also entered into a Master Framework Agreement. *See* Declaration of Brian P. Quinn, Ex. A ("Master Framework Agreement").

The Video Coding Agreement provides that ███████████████████ ███████████████████████████████████████████████████████████████ ███████████████████████████████████████████████████ Video Coding Agreement, § 8.10. Section 9.12 of the Master Framework Agreement provides:



*See* Master Framework Agreement, § 9.12 In addition, Thomson agreed in the Master Framework Agreement that ███████████████████████████████████████ ████████████████████████████████████████████████████████████████ ████████████████████████ *Id.* § 9.10(a). ███████████████████████ ██████████████████████████████████████████ *See id.* § 9.06(b) ████████████████████████████████████████████████████████████████ ████████████████ Similarly, Thomson agreed that █████████████████ ██████████████████████████████████████████████ *Id.* § 9.10. And the Video

3

Coding Agreement requires ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

▓▓

After Thomson sold its patents, InterDigital embarked on a campaign to demand supra-RAND terms from Disney and, when Disney refused, sued Disney in the Central District of California and several foreign jurisdictions for patent infringement. Comp. ¶¶ 62-63, 71; D.I. 24 at 3; D.I. 25-2. The conspiracy has raised prices for both Disney (a Delaware corporation) and consumers in the United States and Delaware. Comp. ¶¶ 15, 84, 86, 96.

## LEGAL STANDARD

The Third Circuit and courts in this District strongly favor jurisdictional discovery: "[C]ourts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is 'clearly frivolous.'" *Toys "R" Us,* 318 F.3d at 456 (quoting *Mass. Sch. of L. at Andover, Inc. v. Am. Bar Ass'n*, 107 F.3d 1026, 1042 (3d Cir. 1997)). Disney only needs to present factual allegations that suggest "with reasonable particularity" the "*possible existence* of the requisite contacts" between Thomson and the forum. *Id*. And this Court needs to determine only whether discovery, "if explored, might provide the 'something more' needed" to establish personal jurisdiction. *Id.* "Jurisdictional discovery is particularly appropriate where the defendant is a corporation." *Registered Agents, Ltd. v. Registered Agent, Inc.*, 880 F. Supp. 2d 541, 548 (D. Del. 2012).

## ARGUMENT

For reasons set forth in Disney's contemporaneously filed opposition to Thomson's motion to dismiss, there are at least three independent bases for this Court to exercise personal jurisdiction over Thomson here: (1) under Delaware's long-arm statute, based on the 2018 agreements between Thomson and InterDigital; (2) under the conspiracy theory of jurisdiction,

4

based on Thomson entering into a conspiracy with InterDigital and the substantial effects of that conspiracy in Delaware; and (3) under Section 12 of the Clayton Act, which permits personal jurisdiction over a foreign defendant based on its contacts with the United States as a whole. *See* Disney's Answering Brief in Opposition to Defendant Thomson's Motion to Dismiss, at 5-10.

Specifically, Thomson conspired with a Delaware corporation with its principal place of business in Delaware (InterDigital) for the purpose of circumventing RAND requirements and holding up SEP implementers. Comp. ¶¶ 16, 55. The conspiracy was embodied in part in a contract entitling Thomson to 42.5% of "all future cash receipts" from InterDigital's licensing of Thomson's patents. *Id.* ¶ 57. ████████████████████████████████████████████████████████████████████████████████████████████ Master Framework Agreement, §§ 9.10, 9.12. ████████████████████████████████████████████████████████████████ Video Coding Agreement, § 2.5. The "impact of the fraud"—Thomson's conspiracy with InterDigital—is felt by both Disney (another Delaware corporation) and consumers of video streaming services (including those in Delaware) in the form of increased costs and higher prices. *MIG Invs. LLC v. Aetrex Worldwide, Inc.*, 852 F. Supp. 2d 493, 508 (D. Del. 2012).

These allegations are enough to support personal jurisdiction over Thomson. But at a minimum, they are enough to warrant further inquiry through discovery. So long as a plaintiff presents factual allegations that suggest with "reasonable particularity" the "*possible* existence" of contacts with the forum, jurisdictional discovery is appropriate. *Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 459 (D. Del. 2009) (emphasis in original). And where, as here, a plaintiff "identifies [a foreign] defendants' business relationships with specific entities and

5

alleges contacts with Delaware through these relationships," jurisdictional discovery is appropriate to "unearth" additional contacts. *See id.* at 456-59 (granting jurisdictional discovery into foreign corporation's contacts with Delaware where plaintiff had alleged "ongoing business relationships" with Delaware companies); *see also Robert Bosch LLC v. Alberee Prods., Inc.*, 70 F. Supp. 3d 665, 681 (D. Del. 2014) (same where plaintiff had alleged a supply chain between foreign corporation and U.S. companies subject to Delaware jurisdiction); *Dan Dee Int'l, LLC v. Glob. New Ventures Grp. LC*, 2024 WL 3043430, at *7 (D. Del. 2024) (same where "further discovery" can determine the "extent" of a conspiracy and its effects on the forum state).

In short, Disney has alleged sufficient facts showing Thomson's active participation in a long-term conspiracy with a U.S. corporation to demand supra-RAND licensing terms to the detriment of U.S. companies and consumers. Comp. ¶¶ 12, 54-55, 91. These claims are not "clearly frivolous" and Disney should be allowed to further develop the requisite jurisdictional facts with tailored discovery.

Thomson appears to recognize the liberal standard for jurisdictional discovery because it devotes a section of its motion to dismiss in anticipatory response to this request. D.I. 31 at 11-12. It labels Disney's allegations "boilerplate," but there is nothing boilerplate about Thomson's contacts with a Delaware corporation (InterDigital) ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮.

Thomson's own cases support jurisdictional discovery here. In *Massachusetts School of Law*, the court agreed that jurisdictional discovery was not warranted where the plaintiff law school rested on a "mere unsupported allegation" that defendants "transact[] business" in the forum. *Mass. Sch. of L.*, 107 F.3d at 1042. The court also noted that, because defendants were

6

individuals, the "presumption" in favor of jurisdictional discovery was "reduced." *Id.* In *Registered Agents*, the plaintiff offered "no evidence" whatsoever about a defendant's forum-related contacts—or even any evidence that the defendant's services were available in any state other than Nevada—beyond the existence of a passive website and two letters sent to Delaware. *Registered Agents*, 880 F. Supp. 2d at 548. And in *Nespresso USA, Inc. v. Ethical Coffee Co. SA*, 263 F. Supp. 3d 498, 501 (D. Del. 2017), the Court declined to order jurisdictional discovery where the foreign entities submitted unrebutted declarations showing not only that they were not registered to do business in the United States, but had "no role" *whatsoever* "in the design, manufacture, distribution, marketing, or sale" of the Nespresso machines that were the subject of the lawsuit. *Id.* at 506.

Here, Disney has pointed to specific contacts between Thomson, Delaware, and the United States that relate directly to the core allegations against Thomson. That is a far cry from the "unsupported allegation" in *Massachusetts School of Law*, the complete lack of evidence in *Registered Agents*, and the absence of any role in the subject of the dispute in *Nespresso*.

In contrast to the declaration in *Nespresso*, the declaration Thomson offered in support of its no-jurisdiction argument is revealing in what it does *not* say. Thomson says it is a French company that is not incorporated in the U.S. and that it does not own property or have employees in the United States. *See* D.I. 32. But unlike the *Nespresso* defendants, Thomson does not—because it cannot—disavow its role in the very acts giving rise to this litigation: its contract with a Delaware corporation to skirt RAND commitments and the strong likelihood of continuing contacts with that Delaware corporation in furtherance of the scheme.

Accordingly, Disney respectfully requests that the Court grant Disney leave to take discovery regarding at least the following topics:

- The outreach, evaluation, and eventual 2018 sale of Thomson's portfolio of patents to InterDigital including, without limitation, the Video Coding Agreement and the Master Framework Agreement (*see* D.I. 31 at 3);

- Thomson's contacts with InterDigital about the conspiracy to circumvent RAND requirements as alleged in the Complaint, including contacts with InterDigital before, during, and after they signed the 2018 agreements;

- Thomson's contacts with the United States and U.S. companies in particular (including all of the Defendants) related to video codecs, patents, and compression standards.

## CONCLUSION

For the foregoing reasons, the Court should grant Disney's motion for jurisdictional discovery.

|  |  |
|---|---|
| | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| | */s/ Rodger D. Smith II* |
| OF COUNSEL: | Rodger D. Smith II (#3778) |
| | Cameron P. Clark (#6647) |
| Shawnna Yashar | 1201 North Market Street |
| Brian P. Quinn | P.O. Box 1347 |
| O'MELVENY & MYERS LLP | Wilmington, DE  19899 |
| 1625 Eye Street, N.W. | (302) 658-9200 |
| Washington, DC  20006 | rsmith@morrisnichols.com |
| (202) 383-5300 | cclark@morrisnichols.com |
| | |
| Michael F. Tubach | *Attorneys for Plaintiff* |
| O'MELVENY & MYERS LLP | |
| Two Embarcadero Center | |
| 28th Floor | |
| San Francisco, CA  94111-3823 | |
| (415) 984-8700 | |

November 21, 2025

9

**CERTIFICATE OF SERVICE**

I hereby certify that on November 21, 2025, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on November 21, 2025, upon the following in the manner indicated:

| | |
|---|---|
| Karen E. Keller<br>Nathan R. Hoeschen<br>Emily S. DiBenedetto<br>Virginia K. Lynch<br>SHAW KELLER LLP<br>I.M. Pei Building<br>1105 North Market Street, 12th Floor<br>Wilmington, DE 19801<br>*Attorney for Defendants*<br>*Thomson Licensing SAS and Technicolor SA* | VIA ELECTRONIC MAIL |
| Brett Schuman<br>GOODWIN PROCTER LLP<br>I.M. Pei Building<br>525 Market Street, 32nd Floor<br>San Francisco, CA 94105<br>*Attorney for Defendants*<br>*Thomson Licensing SAS and Technicolor SA* | VIA ELECTRONIC MAIL |
| David D. Cross<br>Alexandra I. Russell<br>Jacqueline Genovese Bova<br>GOODWIN PROCTER LLP<br>I.M. Pei Building<br>1900 N Street NW<br>Washington, DC 20036<br>*Attorney for Defendants*<br>*Thomson Licensing SAS and Technicolor SA* | VIA ELECTRONIC MAIL |

/s/ *Rodger D. Smith II*

Rodger D. Smith II (#3778)