IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DISNEY ENTERPRISES, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> INTERDIGITAL, INC., INTERDIGITAL ) <br> VC HOLDINGS, INC., INTERDIGITAL ) <br> MADISON PATENT HOLDINGS, SAS, ) <br> INTERDIGITAL CE PATENT HOLDINGS, ) <br> SAS, VID SCALE, INC., VID SCALE ) <br> PATENTS, LLC, THOMSON LICENSING ) <br> SAS, and TECHNICOLOR SA, ) <br> ) <br> Defendants. ) | **Redacted - Public Version** <br><br> C.A. No. 25-996-MN |

# THOMSON LICENSING SAS AND TECHNICOLOR SA'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR JURISDICTIONAL DISCOVERY

OF COUNSEL:
Brett Schuman
GOODWIN PROCTER LLP
525 Market Street, 32nd Floor
San Francisco, CA 94105
(415) 733-6000

David D. Cross
Alexandra I. Russell
Jacqueline Genovese Bova
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC 20036
(202) 346-4000

Dated: December 12, 2025

Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants Thomson Licensing SAS and Technicolor SA*

# **TABLE OF CONTENTS**

SUMMARY OF ARGUMENT ................................................................................................... 1

NATURE AND STAGE OF PROCEEDINGS........................................................................... 1

STATEMENT OF FACTS .......................................................................................................... 1

LEGAL STANDARD ................................................................................................................. 2

ARGUMENT ............................................................................................................................... 2

    I.    Jurisdictional Discovery Is Not Warranted............................................................... 2

        A.    Disney Fails to Justify Its Request for Jurisdictional Discovery Based on the Delaware Long-Arm Statute................................................................... 2

        B.    Disney Fails to Justify Its Request for Jurisdictional Discovery Based on Conspiracy Jurisdiction. ......................................................................... 3

        C.    Disney Has Not Satisfied Its Request for Jurisdictional Discovery Based on the Clayton Act............................................................................ 6

    II.    **Disney's Sweeping Jurisdictional Discovery Requests Prove That Its Motion Is an Impermissible Fishing Expedition Aimed at Trying to Shore Up Meritless Claims.**................................................................................ 7

CONCLUSION ........................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases**

*ACCO Brands USA LLC v. Performance Designed Prods. LLC*,
  2024 WL 181545 (D. Del. Jan. 17, 2024) .................................................................................. 8

*Asahi Metal Indus. Co. v. Super. Ct. of Cal.*,
  480 U.S. 102 (1987) .................................................................................................................. 7

*Belden Techs., Inc. v. LS Corp.*,
  626 F. Supp. 2d 448 (D. Del. 2009) .......................................................................................... 3

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .................................................................................................................. 4

*Computer People, Inc. v. Best Int'l Grp., Inc.*,
  1999 WL 288119 (Del. Ch. Apr. 27, 1999) ............................................................................... 4

*Dan Dee Int'l, LLC v. Glob. New Ventures Grp. LC*,
  2024 WL 3043430 (D. Del. June 18, 2024) ...................................................................... 5, 6, 8

*Elgin Power v. Farmer*,
  2024 WL 456501 (D. Del. Feb. 6, 2024) ................................................................................... 3

*Est. of Daher v. LSH CO.*,
  2021 WL 184394 (D. Del. Jan. 19, 2021) .................................................................................. 3

*Eurofins Pharma US Holdings v. BioAlliance Pharma SA*,
  623 F.3d 147 (3d Cir. 2010) ...................................................................................................... 7

*Fidelity Nat'l Info. Servs., Inc. v. Plano Encryption Tech., LLC*,
  2016 WL 1650763 (D. Del. Apr. 25, 2016) ............................................................................... 2

*In re Auto. Refinishing Paint Antitrust Litig.*,
  358 F.3d 288 (3d Cir. 2004) ...................................................................................................... 6

*Istituto Bancario Italiano SpA v. Hunter Eng'g Co.*,
  449 A.2d 210 (Del. 1982) .......................................................................................................... 4

*M2M Sols. LLC v. Simcom Wireless Sols. Co.*,
  935 F. Supp. 2d 740 (D. Del. 2013) .......................................................................................... 2

*Mallinckrodt PLC v. Airgas Therapeutics LLC*,
  2024 WL 1251260 (D. Del. Mar. 22, 2024) .............................................................................. 8

*MIG Inv. LLC v. Aetrex Worldwide, Inc.*,
  852 F. Supp. 2d 493 (D. Del. 2012) .......................................................................................... 6

*Robert Bosch LLC v. Alberee Prods., Inc.*,
　70 F. Supp. 3d 665 (D. Del. 2014) .................................................................................................. 3

*Rockwell Automation, Inc. v. EU Automation, Inc.*,
　2022 WL 1978726 (D. Del. June 6, 2022),
　*report and recommendation adopted,*
　2022 WL 3576231 (D. Del. Aug. 19, 2022) ................................................................................. 2

*Stimwave Techs. Inc. v. Perryman*,
　2020 WL 6735700 (Del. Ch. Nov. 17, 2020) ................................................................................ 5

*Toys "R" Us, Inc. v. Step Two, S.A.*,
　318 F.3d 446 (3d Cir. 2003) ............................................................................................. 1, 6, 8

*Werner v. Miller Tech. Mgmt., L.P.*,
　831 A.2d 318 (Del. Ch. 2003) ........................................................................................................ 4

**Statutes**

10 Del. C. § 3104(c)(1) .......................................................................................................................... 3

**Rules**

Fed. R. Civ. P. 12(b)(2) ........................................................................................................................ 1

Fed. R. Civ. P. 12(b)(6) ........................................................................................................................ 1

**SUMMARY OF ARGUMENT**

Disney's request for jurisdictional discovery fails at the threshold. This Circuit permits such discovery only if Disney alleges facts showing with "reasonable particularity" the "possible existence of the requisite contacts" between the Thomson Defendants and Delaware. *See Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003). Disney does not come close. Its motion is a fishing expedition—exactly what the law forbids. Disney's argument for jurisdictional discovery rests on allegations about *InterDigital's* contacts with Delaware and the mere fact that the Thomson Defendants—foreign entities with no Delaware or U.S. presence—entered into a contract with InterDigital. As a matter of law, this is insufficient to justify the exercise of jurisdiction over the Thomson Defendants or the jurisdictional discovery requested by Disney. Lacking facts, Disney resorts to speculation and mischaracterizations of the 2018 patent transfer agreement, none of which satisfy the "reasonable particularity" standard. Jurisdictional discovery is not a tool to salvage a deficient complaint or to sidestep the antitrust pleading requirements of *Twombly*. The Court should deny Disney's motion.

**NATURE AND STAGE OF PROCEEDINGS**

On August 8, 2025, Disney filed its Complaint against InterDigital and the Thomson Defendants. D.I. 1. On October 31, 2025, the Thomson Defendants filed their motion to dismiss under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(6). D.I. 31. On November 21, 2025, Disney filed (1) its answering brief in opposition to the Thomson Defendants' motion to dismiss, D.I. 44, and (2) its motion for jurisdictional discovery, D.I. 46.

**STATEMENT OF FACTS**

The Thomson Defendants are incorporated under the laws of France, with their principal place of business in France, and they are not registered to do business in Delaware, or anywhere else in the United States. *See* D.I. 31 at 2-3; *see also* D.I. 32, Declaration of Jim Shead ("Shead

Decl.") ¶¶ 3-7.  The Thomson Defendants have not filed or sought any articles of incorporation in the United States, nor have they designated an authorized agent for service of process in the United States.  Shead Decl. ¶¶ 8-9.  Finally, the Thomson Defendants (1) do not maintain a mailing address or bank account in the United States, (2) do not retain any employees in the United States, and (3) do not lease or possess any real or personal property in the United States.  *Id.* ¶¶ 10-12.

## LEGAL STANDARD

"[A] court should not permit [jurisdictional] discovery as a matter of course." *Rockwell Automation, Inc. v. EU Automation, Inc.*, 2022 WL 1978726, at *12 (D. Del. June 6, 2022), *report and recommendation adopted,* 2022 WL 3576231 (D. Del. Aug. 19, 2022).  Absent "*some* competent evidence" of personal jurisdiction, jurisdictional discovery should not be permitted. *Fidelity Nat'l Info. Servs., Inc. v. Plano Encryption Tech., LLC*, 2016 WL 1650763 (D. Del. Apr. 25, 2016) (citation omitted).  Disney has not met this standard and its motion should be denied. *See M2M Sols. LLC v. Simcom Wireless Sols. Co.*, 935 F. Supp. 2d 740, 742-43 (D. Del. 2013) (denying jurisdictional discovery where plaintiff failed to allege prima facie case of personal jurisdiction).

## ARGUMENT

I.  **Jurisdictional Discovery Is Not Warranted.**

The Court should deny Disney's motion because it fails to allege with "reasonable particularity" the possible existence of necessary contacts between the Thomson Defendants and Delaware under any of its jurisdictional theories.

> A. *Disney Fails to Justify Its Request for Jurisdictional Discovery Based on the Delaware Long-Arm Statute.*

Disney's argument under the Delaware Long-Arm Statute rests entirely on terms in the 2018 patent transfer agreement ("2018 Agreement") between the Thomson Defendants and

2

InterDigital.  D.I. 46 ("Mot.") at 4.  But Delaware law is clear that simply contracting with a Delaware entity does not confer jurisdiction under the statute.  *See Est. of Daher v. LSH CO.*, 2021 WL 184394, at *6 (D. Del. Jan. 19, 2021) ("entering into a contract with a Delaware entity does not amount to transacting business under subsection (c)(1)").  Disney's reliance on the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Such provisions do not establish jurisdiction, and Disney cites no authority to the contrary.  *See, e.g.*, *Elgin Power v. Farmer*, 2024 WL 456501, at *1-3 (D. Del. Feb. 6, 2024) (rejecting plaintiff's argument that Delaware arbitration and governing law clauses required defendants to submit to Delaware court jurisdiction); *see also Est. of Daher*, 2021 WL 184394, at *6 ("Being a party to a contract with a Delaware choice of law provision is not a sufficient transaction of business in the State to confer jurisdiction under (c)(1)." (citation omitted)).

Disney's cited cases are readily distinguishable and underscore the fatal deficiencies in its motion.  In *Belden Techs., Inc. v. LS Corp.*, 626 F. Supp. 2d 448, 457-59 (D. Del. 2009), the plaintiffs alleged facts showing substantial suit-related contacts between the defendants and Delaware, including that the defendants distributed the products at issue in Delaware and systematically solicited Delaware customers.  Similarly, *Robert Bosch LLC v. Alberee Prods., Inc.*, 70 F. Supp. 3d 665, 670-72, 681 (D. Del. 2014), involved detailed supply chain allegations connecting the defendants' allegedly infringing products to Delaware.  Disney alleges nothing of the sort.

> B. Disney Fails to Justify Its Request for Jurisdictional Discovery Based on Conspiracy Jurisdiction.

Jurisdictional discovery based on Disney's theory of "conspiracy jurisdiction" puts the cart before the horse because, as explained in the Thomson Defendants' pending motion to dismiss, Disney has not plausibly alleged any conspiracy.  *See* D.I. 31.  Disney cannot hope to justify its

3

request for jurisdictional discovery by pointing to its insufficient allegations of a conspiracy between InterDigital and the Thomson Defendants. Disney cannot circumvent the antitrust pleading standards set forth in *Twombly*, which exist to prevent precisely the kind of expansive discovery Disney seeks based on insufficient and speculative allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557-58 (2007).

Even if Disney had plausibly alleged a conspiracy (and it has not), Disney still fails to plead the remaining elements required to establish conspiracy-based jurisdiction—specifically that the Thomson Defendants "knew or had reason to know" that the alleged conspiracy would (1) "have an effect in [Delaware]" and that (2) the Delaware effect was a "direct and foreseeable result of the conduct in furtherance of the conspiracy." *See Istituto Bancario Italiano SpA v. Hunter Eng'g Co.*, 449 A.2d 210, 225 (Del. 1982). "Importantly, this test is a strict test that should be construed narrowly" and "requires factual proof of each enumerated element." *Werner v. Miller Tech. Mgmt., L.P.*, 831 A.2d 318, 330 (Del. Ch. 2003); *see also Computer People, Inc. v. Best Int'l Grp., Inc.*, 1999 WL 288119, at *6 (Del. Ch. Apr. 27, 1999) ("The conspiracy theory of jurisdiction is narrowly and strictly construed; otherwise, that theory would become a facile way for a plaintiff to circumvent the minimum contacts requirement of *International Shoe*."). Disney fails to meet this exacting standard.

At the outset, Disney's reliance on the ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ is a red herring. That provision—*See* D.I. 33-1, 2018 Agreement § 2.5. Disney speculates that this garden-variety term somehow ▮▮▮▮▮

4

███████████████████████████████████████████████

███████████████████████████████████ *See* Mot. at 5.  That is baseless. █

███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████

██████████████████████████████ This provision, which Disney ignores, destroys its theory and further confirms that the Thomson Defendants had no role in the alleged "RAND-evasion" conspiracy.  Nor can Disney bootstrap jurisdiction by claiming the Thomson Defendants knew of the alleged conspiracy's Delaware effects simply because their alleged co-conspirator is a Delaware entity.  Delaware courts have rejected such arguments, emphasizing that "[i]t cannot be that this Court's jurisdiction over a person hinges on the *status* of a *conspirator* of that person, rather than on the *actions* of the defendant *himself*."  *Stimwave Techs. Inc. v. Perryman*, 2020 WL 6735700, at *5 (Del. Ch. Nov. 17, 2020) (emphasis in original).

Again, Disney's cited cases underscore why its request fails.  In *Dan Dee International, LLC v. Global New Ventures Group LC*, a Delaware company, Dan Dee, alleged that two former executives conspired with an Arkansas competitor, GNV, to steal Dan Dee's trade secrets before moving to GNV.  2024 WL 3043430, at *1 (D. Del. June 18, 2024).  Dan Dee alleged that GNV targeted Delaware customers—attempting to poach retailers like Walmart—by misappropriating sketches and falsely claiming Dan Dee's designs as its own.  *Id.* at *6.  Although the court found these allegations insufficient to establish personal jurisdiction, it allowed limited discovery to determine "the extent to which GNV sought to solicit business from Dan Dee clients in Delaware," based on what it found to be "substantiated allegations" of poaching and misappropriation targeted

at Delaware. *Id.* at *7-8. Disney alleges no comparable targeting of Delaware customers by the Thomson Defendants.

And in *MIG Investments LLC v. Aetrex Worldwide, Inc.*, the plaintiff alleged a conspiracy to defraud under a "virtual store" licensing agreement and pointed to concrete evidence of the foreign defendant's role in the alleged scheme targeting Delaware. 852 F. Supp. 2d 493, 506, 509 (D. Del. 2012). Specifically, the foreign defendant had prepared a letter falsely claiming that numerous virtual stores had opened before the contractual deadline, and the co-conspirators used that letter to mislead the plaintiff. *Id.* at 509, 512. Unlike the plaintiff in *MIG*, Disney alleges no concrete act targeting Delaware that was central to the alleged conspiracy. Instead, Disney relies on speculation about a routine ███████████ in the ██████████, ██████████ ████████████████████████████████████████████████████████████████ ███ Disney's conjecture does not demonstrate the sort of targeted Delaware conduct or concrete acts that justified jurisdictional discovery in *Dan Dee* and *MIG*.[1]

### C. Disney Has Not Satisfied Its Request for Jurisdictional Discovery Based on the Clayton Act.

Without any facts tying the Thomson Defendants to Delaware, Disney shifts to an attenuated Clayton Act theory, which requires allegations of sufficient "aggregate contacts with the United States as a whole" that comport with the "limits of due process under the Fifth Amendment." *See In re Auto. Refinishing Paint Antitrust Litig.*, 358 F.3d 288, 298-99 (3d Cir.

---

[1] *Toys "R" Us* is also distinguishable: that case addressed whether the operation of a commercially interactive web site accessible in the forum state was sufficient to support specific personal jurisdiction. The Third Circuit reversed a lower court's denial of jurisdictional discovery based on the plaintiff's detailed allegations and evidence, including documented sales to residents of New Jersey; that the defendants' president attended the New York Toy Fair once a year; and that a portion of the defendants' merchandise was purchased from vendors in the United States. 318 F.3d at 449. Disney has not alleged any comparable sales or websites directed to residents in Delaware or the United States.

2004). As explained in the motion to dismiss, Disney alleges nowhere in its initial Complaint or motion for jurisdictional discovery that the Thomson Defendants have "aggregate" U.S. contacts, let alone any relating to the alleged claims, as required to satisfy due process. D.I. 31 at 10-11. Disney's conclusory statement that it "has alleged sufficient facts showing Thomson's active participation in a long-term conspiracy with a U.S. corporation to demand supra-RAND licensing terms" (Mot. at 6) cannot cure its deficient pleading. *See, e.g.*, *Eurofins Pharma US Holdings v. BioAlliance Pharma SA*, 623 F.3d 147, 156-57 (3d Cir. 2010) (jurisdictional discovery denied where plaintiff relied on conclusory allegations). Disney cites no authority supporting jurisdictional discovery based on similar conclusory allegations of nationwide contacts, nor do any exist. And for good reason: adopting Disney's theory would eviscerate due process protections by subjecting any foreign entity that merely assigns a patent to a U.S. company to burdensome discovery. *See Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 113-16 (1987). The Court should reject Disney's attempt to sidestep the Supreme Court's "minimum contacts" requirement.

## II. Disney's Sweeping Jurisdictional Discovery Requests Prove That Its Motion Is an Impermissible Fishing Expedition Aimed at Trying to Shore Up Meritless Claims.

The "reasonable particularity" standard requires Disney to show that its jurisdictional discovery request is not a fishing expedition. But what Disney calls "tailored discovery" is nothing of the sort. Mot. at 6. Disney seeks sweeping discovery from the Thomson Defendants on broad topics, including: (1) "Thomson's contacts with the United States and U.S. companies in particular . . . related to video codecs, patents, and compression standards;" (2) Thomson's contacts with InterDigital "before, during, and after they signed the 2018 agreements;" and (3) "[t]he outreach, evaluation, and eventual 2018 sale of Thomson's portfolio of patents to InterDigital." *Id.* at 8. Disney's resort to such sweeping discovery highlights its failure to meet the threshold "reasonable

7

particularity" standard for jurisdictional discovery—if Disney had, it would narrowly tailor any discovery requests to the "particularity" of specific supporting factual allegations. Lacking any such allegations, Disney casts a broad net for the Thomson Defendants' contacts with InterDigital beyond the products, acts, and issues in this case; with any U.S. companies; and even with the U.S. at all. This is precisely the sort of desperate fishing expedition the law prohibits.

Unlike the plaintiffs in its cited cases, Disney has alleged no specific facts suggesting that jurisdictional discovery "might provide the 'something more' needed to establish personal jurisdiction." *See Dan Dee*, 2024 WL 3043430, at *7 (quoting *Toys "R" Us*, 318 F.3d at 456). Disney's failure is striking given that it has been pursuing discovery in California federal court concerning, among other things, its RAND claims against InterDigital regarding the very patents at issue. *See InterDigital, Inc. v. The Walt Disney Company*, No. 2:25-cv-00895-WLH-RAO (C.D. Cal. 2025). Disney's "vague assertions about the information [Disney] hope[s] to find in jurisdictional discovery . . . place [Disney's] request in the realm of a fishing expedition." *See Mallinckrodt PLC v. Airgas Therapeutics LLC*, 2024 WL 1251260, at *5 (D. Del. Mar. 22, 2024) (citation omitted); *see also ACCO Brands USA LLC v. Performance Designed Prods. LLC*, 2024 WL 181545, at *5 (D. Del. Jan. 17, 2024) (denying jurisdictional discovery where "Plaintiff has failed to go beyond vague assertions about what they hope to find in jurisdictional discovery" (quotation marks and citation omitted)). Disney's concession that it lacks the necessary factual predicate for personal jurisdiction over the Thomson Defendants despite already obtaining discovery in other litigation concerning its RAND claims regarding the very same patents confirms that it offers nothing more than baseless conjecture about what it "hope[s] to find in jurisdictional discovery," which falls far short of its exacting burden. *ACCO Brands*, 2024 WL 1251260, at *5.

8

**CONCLUSION**

For the foregoing reasons, Defendants Thomson Licensing SAS and Technicolor SA respectfully request that this Court deny Disney's motion for jurisdictional discovery.

OF COUNSEL:
Brett Schuman
GOODWIN PROCTER LLP
525 Market Street, 32nd Floor
San Francisco, CA 94105
(415) 733-6000

David D. Cross
Alexandra I. Russell
Jacqueline Genovese Bova
GOODWIN PROCTER LLP
1900 N Street NW
Washington, DC  20036
(202) 346-4000

Dated: December 12, 2025

/s/ Nathan R. Hoeschen
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants Thomson Licensing SAS and Technicolor SA*

9

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 12, 2025, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Rodger D. Smith
Cameron P. Clark
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
(302) 658-9200
rsmith@morrisnichols.com
cclark@morrisnichols.com

Shawnna Yashar
Brian P. Quinn
O'MELVENY & MYERS LLP
1625 Eye Street, N.W.
Washington, DC 20006
(202) 383-5300
syashar@omm.com
bquinn@omm.com

Michael F. Tubach
O'MELVENY & MYERS LLP
Two Embarcadero Center
28th Floor
San Francisco, CA 94111-3823
(415) 984-8700
mtubach@omm.com

*/s/ Nathan R. Hoeschen*
Karen E. Keller (No. 4489)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
kkeller@shawkeller.com
nhoeschen@shawkeller.com
*Attorneys for Defendants Thomson Licensing SAS and Technicolor SA*