# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| DISNEY ENTERPRISES, INC.,<br><br>    *Plaintiff*,<br><br>  v.<br><br>INTERDIGITAL, INC., INTERDIGITAL VC HOLDINGS, INC., INTERDIGITAL MADISON PATENT HOLDINGS, SAS, INTERDIGITAL CE PATENT HOLDINGS, SAS, VID SCALE, INC., VID SCALE PATENTS, LLC, THOMSON LICENSING SAS, AND TECHNICOLOR SA,<br><br>    *Defendants*. | No. 25-cv-996-MN |

## INTERDIGITAL'S OBJECTION TO NON-PARTY FAIR STANDARDS ALLIANCE'S MOTION FOR LEAVE TO SUBMIT AMICUS BRIEF AND RESPONSE TO AMICI

Dated: December 19, 2025

**FARNAN LLP**
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

**SULLIVAN & CROMWELL LLP**
Garrard R. Beeney (*pro hac vice*)
Nicolas M. Britton (*pro hac vice*)
125 Broad Street
New York, NY 10004
(212) 558-4000
beeneyg@sullcrom.com
brittonn@sullcrom.com

Andrei Iancu (*pro hac vice*)
Brittany S. Bruns (*pro hac vice*)
1700 New York Avenue, N.W. Ste 700
Washington, D.C. 20006
(202) 956-7500
iancua@sullcrom.com
brunsb@sullcrom.com

Kyle W. Mach (*pro hac vice*)
550 Hamilton Avenue
Palo Alto, CA 94301
(650) 461-5600
machk@sullcrom.com

**MCKOOL SMITH P.C.**
Richard A. Kamprath (*pro hac vice*)
300 Crescent Court, Suite 1200
Dallas, Texas 75201
(214) 978-4000
rkamprath@mckoolsmith.com

Joshua W. Budwin (*pro hac vice*)
303 Colorado Street, Suite 2100
Austin, Texas 78701
(512) 692-8700
jbudwin@mckoolsmith.com

James Hartmann Smith (*pro hac vice*)
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
(212) 402-9400
jsmith@mckoolsmith.com

*Attorneys for Defendants InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS, VID SCALE Patents, LLC, and VID SCALE, Inc.*

## TABLE OF CONTENTS

Page

I. ACT | The App Association................................................................................................1

II. The Motion Picture Association ...............................................................................2

III. The Fair Standards Alliance.......................................................................................2

    A. The Fair Standards Alliance's Motion Is Untimely. ..............................................2

    B. The Fair Standards Alliance Is Biased. ...................................................................3

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*In re Weinstein Co. Holdings, LLC*, 2020 WL 1320821 (D. Del. Mar. 20, 2020) ..........................2

**Statutes and Rules**

Federal Rule of Appellate Procedure 29 ........................................................................................2

**Other Authorities**

*Defending Creators*, Motion Picture Association,
   https://www.motionpictures.org/advocacy/defending-creators/ ...............................................2

Dina Kallay, Deputy Assistant Attorney General,
   Keynote Address at the Concurrences Dinner: "That's What F/RANDs Are For" and
   Antitrust Implications When They're Gone (Sept. 14, 2025),
   https://www.justice.gov/opa/speech/daag-dina-kallay-delivers-keynote-concurrences-dinner-
   new-york ...................................................................................................................................3

Emily Birnbaum, *Apple Flexes Muscle as Quiet Power Behind App Group*,
   Bloomberg (Sept. 19, 2022), https://www.bloomberg.com/news/articles/2022-09-19/apple-
   flexes-muscle-as-quiet-power-behind-app-developer-group ......................................................1

Fair Standards Alliance, *The Value of Royalty Free Standards* (Jan. 18, 2023), https://fair-
   standards.org/2023/01/18/the-value-of-royalty-free-standards-2/ ............................................3

Florian Mueller, *Apple May Finally Have Reduced Financial Commitment to ACT, but Its SME
   Astroturfing on SEP Policy Continues*, IP FRAY (Sept. 12, 2024), https://ipfray.com/apple-
   may-finally-have-reduced-financial-commitment-to-act-but-its-sme-astroturfing-on-sep-
   policy-continues/ ......................................................................................................................1

Mack DeGeurin, *Apple's Quietly Funding an 'Astroturf Lobbying Group' Claiming to Represent
   App Developers*, Gizmodo (Sept. 19, 2022), https://gizmodo.com/apple-lobby-app-
   developers-1849554671 ............................................................................................................1

Three amici support Disney. None is objective and unbiased. In fact, one is directly affiliated with Disney. All represent large companies that profit from using technologies patented by smaller innovators like InterDigital.[1] Further, none of the amicus briefs are relevant to the issues raised in InterDigital's motion to dismiss as they do not engage with those issues except in the most cursory fashion.

I.      ACT | The App Association

ACT | The App Association claims to represent small app developers, but public reporting shows it receives most of its funding from large technology companies, and its policy positions consistently align with the interests of those large technology companies. *See* Emily Birnbaum, *Apple Flexes Muscle as Quiet Power Behind App Group*, Bloomberg (Sept. 19, 2022), https://www.bloomberg.com/news/articles/2022-09-19/apple-flexes-muscle-as-quiet-power-behind-app-developer-group (attached as Mach Decl. Ex. A); Mack DeGeurin, *Apple's Quietly Funding an 'Astroturf Lobbying Group' Claiming to Represent App Developers*, Gizmodo (Sept. 19, 2022), https://gizmodo.com/apple-lobby-app-developers-1849554671 (attached as Mach Decl. Ex. B). ACT's support for SEP-licensing frameworks that lower royalties for large device makers—directly and materially benefiting large technology companies but irrelevant to the independent app developers the organization purports to represent—illustrates the point. *See* Florian Mueller, *Apple May Finally Have Reduced Financial Commitment to ACT, but Its SME Astroturfing on SEP Policy Continues*, IP FRAY (Sept. 12, 2024), https://ipfray.com/apple-may-finally-have-reduced-financial-commitment-to-act-but-its-sme-astroturfing-on-sep-policy-continues/ (attached as Mach Decl. Ex. C).

---

[1] "InterDigital" refers to InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, InterDigital CE Patent Holdings, SAS, VID SCALE, Inc., and VID SCALE Patents, LLC.

## II. The Motion Picture Association

The Motion Picture Association (the "MPAA") is similarly conflicted: its members, including Disney, profit from unauthorized use of advanced video-compression technologies developed and owned by others while simultaneously demanding strong intellectual property protections for their copyrighted works. *See Defending Creators*, Motion Picture Association, https://www.motionpictures.org/advocacy/defending-creators/ (last visited Dec. 19, 2025) (attached as Mach Decl. Ex. D).

## III. The Fair Standards Alliance

### A. The Fair Standards Alliance's Motion Is Untimely.

The Fair Standards Alliance filed its motion seeking leave to file an amicus brief on December 16, 2025—long after the deadline pursuant to the rule this Court observes in determining whether to exercise discretion to permit filing an amicus brief, Federal Rule of Appellate Procedure 29. *In re Weinstein Co. Holdings, LLC*, Nos. BR 18-10601-MFW, 19-242-MN, and 19-243-MN, 2020 WL 1320821, at *1 n.3 (D. Del. Mar. 20, 2020) ("Courts will exercise their discretion to allow an *amicus curiae* brief to be filed if rule 29 of the Federal Rules of Appellate Procedure is satisfied[.]"), *aff'd sub nom. In re Weinstein Co. Holdings LLC*, 997 F.3d 497 (3d Cir. 2021). FSA's tardy filing should be disregarded.

Under Federal Rule of Appellate Procedure 29(a)(6), absent leave of the court, "[a]n amicus curiae must file its brief, accompanied by a motion for filing when necessary, no later than 7 days after the principal brief of the party being supported is filed" or "no later than 7 days after the appellant's or petitioner's principal brief is filed" if the amicus supports neither party. Under this rule, FSA's amicus brief and motion for filing were due "no later than 7 days after" Disney filed its response brief on November 21, 2025. FSA's amicus brief and motion were due no later than November 28, 2025. When FSA filed its brief and motion on December 16, 2025—a mere

three days before InterDigital's reply in support of its motion to dismiss was due—it was 18 days too late.

For this reason, InterDigital objects to FSA's motion and respectfully asks this Court to deny FSA's motion.

### B.     The Fair Standards Alliance Is Biased.

If its improper filing is considered, this Court should be aware that, while the Fair Standards Alliance presents itself as neutral, its name is a misnomer. FSA is a lobbying group that pushes policies of unfair, lower royalty rates designed to benefit technology implementers rather than fairly compensating patent-owning innovators like InterDigital. In other words, FSA is far from neutral. For example, FSA is a proponent of "royalty free standards" to "substantially lower[] the costs of using standardized technologies" and permit implementers of those standards to use the innovations of others "with little to no royalty costs." Fair Standards Alliance, *The Value of Royalty Free Standards* (Jan. 18, 2023), https://fair-standards.org/2023/01/18/the-value-of-royalty-free-standards-2/ (attached as Mach Decl. Ex. E). DOJ officials have explained that such royalty free standards "can be competitively harmful" because they "allow[] a group of dominant implementers to fix the price of royalties at zero." Deputy Assistant Attorney General Dina Kallay, *Remarks as Prepared for Delivery, "That's What F/RANDs Are For' and Antitrust Implications When They're Gone," Keynote at the Concurrences Dinner in New York*, U.S. Dep't of Justice (Sept. 19, 2025), https://www.justice.gov/opa/speech/daag-dina-kallay-delivers-keynote-concurrences-dinner-new-york (attached as Mach Decl. Ex. F).

Dated: December 19, 2025

Respectfully submitted,

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (Bar No. 4089)
Michael J. Farnan (Bar No. 5165)
919 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

SULLIVAN & CROMWELL LLP
Garrard R. Beeney (*pro hac vice*)
Nicolas M. Britton (*pro hac vice*)
125 Broad Street
New York, NY 10004
(212) 558-4000
beeneyg@sullcrom.com
brittonn@sullcrom.com

Andrei Iancu (*pro hac vice*)
Brittany S. Bruns (*pro hac vice*)
1700 New York Avenue, N.W. Ste 700
Washington, D.C. 20006
(202) 956-7500
iancua@sullcrom.com
brunsb@sullcrom.com

Kyle W. Mach (*pro hac vice*)
550 Hamilton Avenue
Palo Alto, CA 94301
(650) 461-5600
machk@sullcrom.com

MCKOOL SMITH P.C.
Richard A. Kamprath (*pro hac vice*)
300 Crescent Court, Suite 1200
Dallas, Texas 75201
(214) 978-4000
rkamprath@mckoolsmith.com

Joshua W. Budwin (*pro hac vice*)
303 Colorado Street, Suite 2100
Austin, Texas 78701

-5-

(512) 692-8700
jbudwin@mckoolsmith.com

James Hartmann Smith (*pro hac vice*)
1301 Avenue of the Americas
32nd Floor
New York, NY 10019
(212) 402-9400
jsmith@mckoolsmith.com

*Attorneys for Defendants InterDigital, Inc., InterDigital VC Holdings, Inc., InterDigital Madison Patent Holdings, SAS, and InterDigital CE Patent Holdings, SAS*