## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DISNEY ENTERPRISES, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| INTERDIGITAL, INC., INTERDIGITAL | ) | C.A. No. 25-996-MN |
| VC HOLDINGS, INC., INTERDIGITAL | ) | |
| MADISON PATENT HOLDINGS, SAS, | ) | |
| INTERDIGITAL CE PATENT HOLDINGS, | ) | |
| SAS, VID SCALE, INC., VID SCALE | ) | |
| PATENTS, LLC, THOMSON LICENSING | ) | |
| SAS, AND TECHNICOLOR SA, | ) | |
| | ) | |
| Defendants. | ) | |

## FAIR STANDARDS ALLIANCE'S
## REPLY IN SUPPORT OF MOTION FOR LEAVE TO SUBMIT AMICUS BRIEF

The Fair Standards Alliance ("FSA") submits this reply brief in support of its motion for leave to submit its amicus brief (D.I. 68), and in response to what defendant InterDigital captioned as an "Objection to Non-Party Fair Standards Appliance's Motion for Leave to Submit Amicus Brief and Response to Amici" (the "Opposition"). (D.I. 78.)

As an initial matter, FSA apologizes to the Court for filing this reply brief one day after it technically was due. InterDigital's Opposition, filed December 19, 2025, was described on PACER as follows: "RESPONSE to Motion re [53] MOTION for Leave to permit Adam W. Poff to File an Amicus Brief, [51] MOTION for Leave to permit Adam W. Poff to File an Amicus Brief, [68] MOTION for Leave to File Amicus Brief filed by InterDigital, Inc." (D.I. 78.) This description makes no reference to FSA's submission on December 16, 2025, and Mr. Poff represents the other *amici*, not FSA. As a result, FSA did not realize until today that InterDigital's Opposition was actually intended to address, in part, FSA's motion.

As for the timeliness of FSA's motion for leave to file its amicus brief, FSA respectfully submits that the matter is subject to the Court's discretion, as amicus briefs are ultimately intended to be of assistance to the Court, and that was the spirit in which FSA submitted its brief. While courts in Delaware have looked to Federal Rule of Appellate Procedure 29 for guidance regarding amicus briefs filed in the district court, the Third Circuit has nevertheless explained that the rule does not apply as a technical matter. *See In re Nazi Era Cases Against German Defendants Litig.*, 153 F. App'x 819, 827 (3d Cir. 2005) (explaining that "a district court's decision to accept or reject an amicus filing is entirely within the court's discretion," irrespective of Rule 29). Even if the Court does rely on the timing provisions of Rule 29(a)(6), the rule explicitly says that the Court "may grant leave for later filing."

FSA also notes that InterDigital will suffer no prejudice from the Court's granting of FSA's motion for leave to file its amicus brief. If InterDigital wanted to say something about FSA's brief, it had time to do so in its own reply brief. (*See* D.I. 76.) In particular, FSA's short brief was filed on a Tuesday, and InterDigital's reply was filed that Friday, three business days later. Yet InterDigital chose to say *nothing* about *any* of the amicus briefs submitted—not only the brief from FSA, but also the briefs from ACT | The App Association and the Motion Picture Association of America. (*See id.*) This reflects a clear strategic decision by InterDigital to ignore the amicus briefs altogether, not a *fait accompli* whereby InterDigital simply did not have an opportunity to address what FSA said. Given InterDigital's express decision to ignore the amicus briefs, it will suffer no prejudice if the Court grants leave for FSA to file its brief.

OF COUNSEL:

POTTER ANDERSON & CORROON LLP

Stephen S. Korniczky
Martin R. Bader
Matthew W. Holder
Ryan P. Cunningham
SHEPPARD, MULLIN, RICHTER
& HAMPTON LLP
1275 El Camino Real, Suite 100
San Diego, CA 92130

By:  */s/ Philip A. Rovner*_____
     Philip A. Rovner (#3215)
     Hercules Plaza
     P.O. Box 951
     Wilmington, DE  19899
     (302) 984-6000
     provner@potteranderson.com

*Attorneys for Amicus Curiae*
*Fair Standards Alliance*

Dated:  December 30, 2025
12628373